**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMREN KLEIN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>U-HAUL INTERNATIONAL, INC.,<br><br>　　　　　　　　　Defendant. | Case No. 2:23-cv-3788<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Kamren Klein ("Plaintiff") brings this action against Defendant U-Haul International, Inc. ("Defendant" or "U-Haul"), individually and on behalf of all others similarly situated. Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action suit brought against Defendant U-Haul for surreptitiously monitoring and recording the telephonic communications between consumers and its customer service representatives without first providing notice or obtaining the customer's consent.

2. U-Haul is a moving and storage company that provides trucks, trailers, and other moving rentals and services to residential customers. Since its inception in 1945, U-Haul has become one of the largest moving companies in California and throughout the United States.

3. As a moving company, Defendant provides support to customers over the phone and provides quotes and scheduling appointments for its moving services. Defendant monitors and records these interactions. What Defendant fails to do, however, is disclose this fact to customers who receive calls initiated by Defendant.

4. Because Defendant fails to disclose to consumers that it is recording telephonic communications at the outset of the call, Defendant violated and continues to violate the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 632 and 632.7.

5. Both Penal Code §§ 632 and 632.7 play important roles in protecting the privacy of California residents. Secret monitoring and recording deny the customer an important aspect of privacy of communication – the right to control the nature and extent of the information they disclose.

6. Plaintiff brings this action on behalf of himself and a class of all persons

whose telephonic communications were surreptitiously recorded by Defendant.

## PARTIES

7. Plaintiff Kamren Klein is a California citizen and resident, residing in Thousand Oaks, California. Mr. Klein is a domiciliary of California.

8. Defendant U-Haul International, Inc. is a Nevada corporation headquartered in Phoenix, Arizona. Defendant is a prominent moving and storage company.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is a citizen of a state different from Defendant.

10. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the laws and benefits of doing business in this State, and Plaintiff's claims arise out of each of Defendant's forum-related activities. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

11. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

12. U-Haul is one of the most recognized moving and storage companies in California and throughout the United States, with a yearly revenue of over $5 billion dollars.[1]

---

[1] Macrotrends, *U-Haul Holding Revenue 2010-2022*, https://www.macrotrends.net/stocks/charts/UHAL/u-haul-holding/revenue (last accessed May 16, 2023).

CLASS ACTION COMPLAINT  2

13. As with any moving company, Defendant must field customer inquiries and provide support for issues that may arise related to its services. To that end, Defendant uses a catchy customer service number: 1-800-GO-U-HAUL (1-800-468-4285). Defendant also utilizes various other customer service numbers.

14. When Defendant places calls to potential customers using any of its customer service numbers, the customer service agent does not disclose that the call is being recorded. As such, customers have a reasonable expectation of privacy regarding any information that they divulge on the call, including personally identifying information, the identity of the objects they intend to move, and the addresses where those items are located and are being moved to—all of which are highly sensitive in nature. Customers maintain this expectation of privacy because Defendant does not disclose that the call is being recorded, and Defendant never obtains customer consent to do so.

15. Contrary to Plaintiff and class members' belief, however, the conversations between customers and Defendant's agents are being surreptitiously recorded. Defendant acknowledges this practice on its website:

> **"To keep our promises with you, all calls to and from U-Haul Company are recorded."**[2]

16. But Defendant does not keep any promises, only the recordings of its unsuspecting customers. For instance, on the homepage of its website, Defendant provides a link for its customers to "Request a Callback," as depicted below. Yet Defendant never discloses that it will be recording those callbacks, either on this webpage or within the subsequent callbacks from its agents. An image of Defendant's callback feature is depicted below:[3]

---

[2] Uhaul, *Reservation Advisements (and other helpful information),* https://www.uhaul.com/Reservations/ReservationAdvisements.aspx (last accessed May 17, 2023).

[3] https://www.uhaul.com/ (last accessed May 17, 2023).





CLASS ACTION COMPLAINT 4



17.     In or about May of 2023, one of Defendant's customer service agents placed a call to Mr. Klein's cell phone regarding a reservation for Defendant's services. Defendant placed this call from its 1-800-468-4285 phone number while Mr. Klein was physically present in California.  During the call that Defendant placed to him, Mr. Klein was never told that the call was being recorded, and he never consented to such.

18.     Because Defendant did not disclose that its calls to Mr. Klein were being recorded, Mr. Klein reasonably expected that his communications with Defendant and its agents during the calls were not being recorded, and were therefore "confidential" as defined by California Penal Code § 632(c).

19.     On information and belief, Defendant was, in fact, recording Mr. Klein's call and captured the entire contents of his communications with the live agents using call recording computer software.

20.     Defendant's policy of monitoring and recording calls without informing customers is a uniform practice and occurs anytime a customer has a phone call with Defendant.

## CLASS ALLEGATIONS

21.     ***Class Definitions.***  Plaintiff Kamren Klein brings this action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure on behalf of a class of similarly

CLASS ACTION COMPLAINT                                                                                     5

situated individuals, defined as follows (the "Section 632 Class"):

> All individuals who, while physically present in California, participated in an inbound telephone call with U-Haul or one of its agents.

22. Plaintiff also seeks to represent a class, defined as follows (the "Section 632.7 Class"):

> All individuals who, while physically present in California and using a cellular telephone, participated in an inbound telephone call with U-Haul or one of its agents.

23. Specifically excluded from the Classes are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by the Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with the Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

24. **Numerosity.** Members of the Classes are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Classes number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

25. **Commonality.** Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

(a) Whether Defendant has a policy and practice of recording and/or monitoring telephone conversations with customers;

(b) Whether Defendant notifies customers that it is recording them;

(c)     Whether Defendant obtains a customer's consent to be recorded at the outset of the telephone call;

(d)     Whether Defendant instructed its agents to record and monitor calls without disclosing to customers that they were doing so;

(e)     Whether Defendant has violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632 and invaded Plaintiff and the Class's privacy rights in violation of the California Constitution;

(f)     Whether Defendant has violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632.7;

(g)     Whether Plaintiff and the Classes are entitled to injunctive relief under Cal. Penal Code § 637.2(b) to enjoin or restrain U-Haul from committing further violations of Cal. Penal Code §§ 632 and 632.7.

(h)     Whether class members are entitled to actual and/or statutory damages for the aforementioned violations.

26.     **Typicality.**     The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other class members, called U-Haul's customer service line using his cell phone and had his communications recorded without his consent.

27.     **Adequacy.**     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

28.     **Superiority.**  The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and

expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents the potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

29. Plaintiff brings all claims in this action individually and on behalf of members of the Classes against Defendant.

## COUNT I
### Violation of Cal. Penal Code § 632

30. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

31. Plaintiff brings this Count individually and on behalf of the members of the putative Section 632 Class.

32. California Penal code § 632(a) provides, in pertinent part:

> A person who, intentionally and without the consent of all parties to a confidential communication, uses [a] … recording device to … record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500) per violation.

33. A defendant violates Section 632 unless it can show it had the consent of <u>all</u> parties to a communication prior to the moment the recording was made.

34. Defendant, using computer software, intentionally monitored and recorded the telephonic communications between itself and its agents on the one hand and Plaintiff and other members of the Classes on the other.

35. At no time did Defendant or any of its agents inform Plaintiff or the

CLASS ACTION COMPLAINT   8

1  members of the Classes that the recording of their telephonic communications was
2  taking place and at no time did Plaintiff or the members of the Classes consent to this
3  activity.
4    36. These communications were "confidential communications," as that
5  term is used in Section 632, because Plaintiff and class members had objectively
6  reasonable expectations of privacy with respect to any personal or financial
7  information they disclosed during the course of those communications.
8    37. Defendant has therefore violated Cal. Penal Code § 632(a) by
9  intentionally recording Plaintiff and the members of the Classes' telephonic
10 communications without first notifying them or obtaining their consent.
11   38. Accordingly, Plaintiff and the members of the Classes have been injured
12 by Defendant's conduct and, pursuant to Cal. Penal Code § 632, each seek damages
13 of $5,000 per violation.

## COUNT II
## Violation of Cal. Penal Code § 632.7

15   39. Plaintiff repeats the allegations contained in the paragraphs above as if
16 fully set forth herein.
17   40. Plaintiff brings this Count individually and on behalf of the members of
18 the putative Section 632.7 Class.
19   41. California Penal Code § 632.7(a) prohibits the same conduct as
20 described in Section 632, but extends this prohibition to communications involving a
21 cellular telephone.
22   42. Though similar, Cal. Penal Code § 632 and § 632.7 are not duplicative
23 and protect separate rights.
24   43. Cal. Penal Code § 632.7 grants a wider range of protection to
25 conversations where one participant uses a cellular phone or cordless phone because
26 it does not have the "confidential communication" requirement of Cal. Penal Code §
27 632.
28

CLASS ACTION COMPLAINT    9

44. A defendant violates Section 632.7(a) unless it can show it had the consent of <u>all</u> parties to a communication prior to the moment the recording was made.

45. Defendant, using computer software, intentionally monitored and recorded the telephonic communications between Plaintiff, and the members of the Section 632.7 Class, and its agents.

46. At no time did Defendant or any of its agents inform Plaintiff or the members of the Section 632.7 Class that the recording of their telephonic communications was taking place and at no time did Plaintiff or the members of the Section 632.7 Class consent to this activity.

47. Defendant has therefore violated Cal. Penal Code § 632.7(a) by intentionally recording Plaintiff or the members of the Section 632.7 Class's telephonic communications without first notifying them or obtaining their consent.

48. Accordingly, Plaintiff and the members of the Section 632.7 Class have been injured by Defendant's conduct and, pursuant to Cal. Penal Code § 637.2, each seek damages of $5,000 per violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against U-Haul, as follows:

   a. For an order certifying the putative Classes and naming Plaintiff as the representative of the classes, and Plaintiff's attorneys as Class Counsel to represent the putative Classes;

   b. For an order declaring that the Defendant's conduct violates the statutes referenced herein;

   c. For an order finding in favor of Plaintiff and the putative Classes on all counts asserted herein;

   d. For statutory damages in amounts to be determined by the Court and/or jury;

  e. For prejudgment interest on all amounts awarded;

  f. For injunctive relief as pleaded or as the Court may deem proper; and

  g. For an order awarding Plaintiff and the putative Classes their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: May 17, 2023  **BURSOR & FISHER, P.A**.

       By:   /s/ *L. Timothy Fisher*
         L. Timothy Fisher

       L. Timothy Fisher (State Bar No. 191626)
       1990 North California Blvd., Suite 940
       Walnut Creek, CA 94596
       Telephone: (925) 300-4455
       Facsimile:  (925) 407-2700
       E-mail: ltfisher@bursor.com

       *Attorneys for Plaintiff*